IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL MOSS, #B-18364, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )    CASE NO. 11-cv-091-MJR |
| | ) |
| LT. WALTERS and | ) |
| JOHN DOE TACT TEAM MEMBERS, | ) |
| | ) |
|       Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

    Carl Moss, an inmate in Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an incident that occurred while he was housed in Lawrence Correctional Center. Moss ("Plaintiff") is serving a 60-year sentence for aggravated criminal sexual assault. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

    An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Although the Court, in reviewing the complaint, is obligated to accept factual allegations as true, certain factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  However, the factual allegations of a pro se complaint must be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A to dismiss this action.

**The Complaint**

At around 9:00pm on July 29, 2010, while Plaintiff and his fellow inmates in the R-7 Cell House were locked down for the night, the prison Tact Team (Tactical Team), under the command of Defendant Walters, exploded riot control ordnance outside the building (Doc. 1, p. 2).  There was no disturbance in the cell house at the time.  After hearing the explosions, Plaintiff experienced a "noxious gagging stench" in his cell, and soon was retching, gagging, and unable to breathe (Doc. 1, p. 5).  Eventually, Plaintiff and all other inmates of the cell house were taken out of their cells and instructed to abandon the building.  They were taken to the chow hall.  After sitting in the chow hall for about an hour, the inmates were told that a shift in wind direction caused the gas from a training

exercise to enter the cell house.

Plaintiff claims that the gas exposure was "life threatening," and that the substance was not mace, pepper spray or tear gas, which he had previously experienced (Doc. 1, p. 5). He asserts there was no penological reason for the "cruel and sadistic exercise/experiment" (Doc. 1, p. 2). Plaintiff attaches several exhibits to his complaint in which prison officials state that during a tactical drill outside the perimeter fence, "OC gas" was discharged and accidentally entered the housing unit (Doc. 1, p. 6-8). Claiming violations of this rights under the Eighth Amendment to the United States Constitution, Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

**Discussion**

In a case involving conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishment clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.* To state a conditions of confinement claim upon which relief can be granted, a plaintiff must allege facts that, *if true*, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991).

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). The

objective component of a conditions claim focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment, and whether the conditions exceeded contemporary bounds of decency of a mature civilized society. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, <u>and</u> he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). It is well settled, however, that mere negligence is not enough to support a claim of constitutional dimension. *See, e.g., Wilson*, 501 U.S. at 305; *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986); *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (even gross negligence is not sufficient to state a § 1983 claim; a prisoner must show deliberate indifference or actual intent);

*Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

The reasonable use of gas or pepper spray to subdue an inmate or to quell a prison riot does not violate the Eighth Amendment. *See Soto v. Dickey*, 744 F.2d 1260, 1270-71 (7th Cir. 1984) (noting that "the appropriateness of the use [of chemical agents] must be determined by the facts and circumstances of the case"). Other cases have examined whether the exposure of "innocent bystanders" to gas or mace amounts to a constitutional violation, when the chemical substance had been deployed against some other inmate who had created a danger, analyzing whether the force used was justifiable given the totality of the circumstances. *See Broadus v. Hyatte*, 67 F.3d 301 (table) (7th Cir. 1995) (the question of whether the defendants were justified in exposing plaintiff to a chemical agent while using it to subdue another inmate "depends on the extent of the gassing and the reason the gas was used"); *Parker-Bey v. Roth*, No. 91-C-6913, 1994 WL 110190, at *2-3 (N.D. Ill. Mar. 28, 1994) (use of tear gas was justified to quell riot; keeping plaintiffs (who were not involved in the riot) in their cells while gas was being cleared did not violate Eighth Amendment where there was no intent on the part of defendants to cause harm, and no serious injury to the plaintiffs).

In Plaintiff's case, there was no prison disturbance, but the gas was released as part of a training exercise. The substance that Plaintiff was exposed to was revealed in the response to his grievance to be "OC gas." The Court presumes this refers to oleoresin capsicum (OC), commonly known as pepper spray. *See Sallenger v. Oakes*, 473 F.3d 731, 734 (7th Cir. 2007). Exposure to pepper spray has no lasting effects, and the treatment for such exposure "consists primarily of flushing the eyes with water." *Ford v. Ryker*, No. 10-cv-830-GPM, 2011 WL 833963, at *2 n.2 (S.D. Ill. Mar. 4, 2011) (citing *Wagner v. Bay City, Tex.*, 227 F.3d 316, 319 n.1 (5th Cir. 2000)).

Thus, although Plaintiff alleges he experienced temporary discomfort and trouble breathing, these problems apparently subsided after Plaintiff was removed from his cell. He did not claim to have suffered any lingering effects from the exposure. These facts do not meet the objective test of an "unquestioned and serious deprivation[] of basic human needs" to support a constitutional violation. *See Rhodes v. Chapman*, 452 U.S.337, 347 (1981).

Because the OC gas was being used as part of a training exercise, there was no "force" being used and no evident intent to expose inmates to the gas. Under *Soto*, if Plaintiff had been exposed to the gas in the course of combating a disturbance, a reasonable use of gas would be justified and thus would not have violated an inmate's constitutional rights. Plaintiff does not allege that Defendants intentionally exposed him or other inmates to the gas. He describes the gas exposure as a "'training exercise error" (Doc. 1, p. 5). Therefore, as to the subjective element of the Defendants' intent in causing the exposure, it appears that the incident was the result of their negligence. Even if the Defendants' actions were grossly negligent, such conduct does not rise to the level of a constitutional violation. *Wilson v. Seiter*, 501 U.S. 294, 305 (1991); *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005). Moreover, Plaintiff states that he and other inmates were removed from their cells after it was learned that the building was contaminated with gas fumes. This further supports the conclusion that no harm was intended to Plaintiff, and that Defendants took reasonable steps to mitigate the effects of the gas exposure.

Because Plaintiff's complaint does not allege either the objective or the subjective elements of an Eighth Amendment claim for inhumane conditions of confinement, he has failed to state a claim upon which relief may be granted. Accordingly, this action shall be dismissed with prejudice.

**Pending Motions**

Plaintiff filed a Motion for Default Judgment on June 14, 2011 (Doc. 10), and a Motion for Request for Status on August 19, 2011 (Doc. 12).  Dismissal of this action **RENDERS MOOT** both motions.

**Disposition**

Having concluded that Plaintiff's complaint fails to state a claim upon which relief may be granted, the Court **DISMISSES** this action.   Dismissal shall be with prejudice.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Because two of Plaintiff's previously-filed lawsuits[1] have been dismissed pursuant to § 1915A for failure to state a claim upon which relief may be granted, the dismissal of this case gives Plaintiff his third "strike."  Accordingly, Plaintiff shall be required to pre-pay the full filing fee for any future lawsuit he may bring.  Plaintiff will no longer be eligible to pay a filing fee in installments using the *in forma pauperis* provisions of § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

---

[1]  *Moss v. DeTella,* Case No. 96-cv-5398 (N.D. Ill., filed April 20, 1998) (strike 1, dismissed Jan. 14, 1997 for failure to state a claim upon which relief may be granted); *Moss v. Thompson*, Case No. 04-cv-545 (S.D. Ill., filed August 5, 2004) (strike 2, dismissed December 14, 2005, for failure to state a claim upon which relief may be granted).

IT IS SO ORDERED.

DATED: September 30, 2011.

                                             /s/ *Michael J. Reagan*
                                             Michael J. Reagan
                                             U.S. District Judge